UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
JAN 03 2019
AT 8:30
WILLIAM T. WALSH M
CLERK

| | |
|---|---|
| **CLAUDE HUDSON ALBERT, Name and Estate** | No. _____ |
| **Plaintiff,** | **COMPLAINT FOR:** |
| vs. | **FRAUD** |
| **SPECIALIZED LOAN SERVICING, LLC** | **VIOLATIONS OF FDCPA** |
| **Defendant.** | **UNJUST ENRICHMENT** |
| | **DECLARATORY JUDGMENT** |

COMES NOW, Claude-Hudson: Albert, Private American National/Non "U.S. citizen", a living breathing sentient Man, Sole Beneficiary and Agent of record without recourse/without prejudice for Plaintiff, CLAUDE HUDSON ALBERT, or CLAUDE H. ALBERT, or any other derivation of that Name and Estate. The undersigned in esse and sui juris and for the Name and Estate proceeding to make the above captioned Complaint, and hereby shows cause:

**JURISDICTIONAL STATEMENT**

1. This Court has subject matter jurisdiction over this action because it presents one or more federal questions, 28 U.S.C. § 1331.

2. Jurisdiction of this Court also arises under 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

1
PLAINTIFF'S ORIGINAL COMPLAINT

3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the subject matter of the claims asserted by the Plaintiff in the State of New Jersey in this action because those claims are also related to the claims asserted by the Defendant that they form part of the same case or controversy, and because those claims arise out of the same transactions or occurrences as the action brought by the Plaintiff.

4. Jurisdiction of this Court also arises under 15 U.S.C. § 1692 for Defendant's violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA").

5. Therefore, Plaintiff wishes to invoke this Honorable Court's federal question jurisdiction as Plaintiff is bringing claims directly under Federal Statutes and Constitutional provisions as Plaintiff's state claims turn on a matter of Federal law.

6. This Court has personal jurisdiction over the Defendant because the Defendant has transacted business in this District and the State of New Jersey and because the Defendant has committed acts herein detailed in this District and the State of New Jersey.

7. At all times relevant to this action, Plaintiff has owned the Property located at 58 Shelburne Drive, Ewing, New Jersey 08638, also hereinafter referred to as the "Property".

## VENUE

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

### PLAINTIFF

9. CLAUDE HUDSON ALBERT, Plaintiff, hereinafter also referred to as "Estate" is a Name and Estate that owns the real property in Ewing, New Jersey which is subject to the controversy. Plaintiff is a citizen of the State of New Jersey. The Plaintiff or the Estate and any Beneficiaries thereof have suffered damages due to the actions of the Defendant which are

are detailed herein.

## THE DEFENDANT

10. Defendant Specialized Loan Servicing LLC ("SLS"). Plaintiff is informed and believes that SLS is a mortgage loan servicer, engaged in the administration of residential mortgage loans in the United States. SLS was incorporated in the State of Delaware and has its principal place of business in Highland Ranch, Colorado.

## INTRODUCTION

11. This is an action brought by Plaintiffs for fraud, violations of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act, unjust enrichment, and a request for Declaratory Judgment and for compensatory, special, punitive, and general damages

12. Plaintiff, Estate, disputes the title and ownership of the real property in question, which is the subject of this action, in that the originating mortgage lender, and others alleged to claim ownership of Plaintiff's Promissory Note and Mortgage, have unlawfully sold, assigned and/or transferred the ownership and security interest in a Promissory Note and Mortgage related to Plaintiff's property, and thus, do not have lawful ownership or a security interest in Plaintiff's home which is further described in detail herein.

## BACKGROUND

13. There is a document purporting to be an "Assignment of Mortgage", dated February 01, 2016 and filed in the Official Records of the Mercer County Recorder's Office on February 08, 2016 as instrument # 000000006742, Mortgage Electronic Registration Systems, Inc., grants, assigns, and transfers to Specialized Loan Servicing LLC all beneficial interest under a Mortgage dated October 22, 2009 and filed in the Official Records of the Mercer County Recorder's Office on November 16, 2009 as instrument # 10409-120.

14. Defendant filed a Complaint on May 2, 2016 in the Superior Court of New Jersey, Chancery Division, Mercer County Case No. F-012470-16, to foreclose on the Property, alleging that Defendant was the holder of the Note and the beneficiary under the Mortgage.

15. An Entry of Default was entered on July 31, 2017.

16. The Property is scheduled for sale on January 9, 2019.

## FIRST CAUSE OF ACTION

## FRAUD

17. Plaintiff incorporates and re-alleges every allegation set forth in paragraphs 1 - 16.

18. Plaintiff alleges that the Note and Mortgage, supplied and used by SLS to support the claim of the right to foreclose under the Mortgage, were not signed by Plaintiff and contain signatures of Plaintiff that were forged. Such forgery renders the Note and Mortgage void.

19. Plaintiff alleges that SLS committed fraud and also violated N.J.S. 2C:21-1by the use of forged documents transmitted to Plaintiff to prove their authority over the Note and Mortgage in order to commence a foreclosure action against Plaintiff.

20. Plaintiff was recently introduced to and engaged the services of forensic handwriting and document examiner expert Curt Baggett. Mr. Baggett is a leading handwriting expert in the United States, a skilled authority in document examination and has been certified as an expert witness in numerous federal and state cases.

21. Mr. Baggett prepared a Handwriting Expert Report, attached hereto as **EXHIBIT 1,** dated November 17, 2018, in which he declares under oath and the threat of perjury, that the Fixed Rate Note and Mortgage provided by SLS were not signed by Plaintiff and are the product of a forgery. The findings of Mr. Baggett are proof of Forgery and Fraud beyond any reasonable doubt. The most compelling evidence in Mr. Baggett's reports are in Section 3 of the report.

22. Mr. Baggett, who has examined copies of the Fixed Rate Note and Mortgage submitted by SLS, declares under oath and the threat of perjury that those documents were not signed by Plaintiff and are the product of a forgery.

23. With regards to Plaintiff's alleged signatures on the Fixed Rate Note and Mortgage, Mr. Baggett states that he examined the signatures and initials on the Fixed Rate Note and Mortgage against known signatures of Plaintiff and concluded:

> Based on a significant number of differences of identifiable handwriting characteristics among the questioned and known signatures, it is my professional expert opinion that a different person wrote the initials and name of Claude H. Albert on the questioned documents. Someone did indeed forge the signatures of Claude H. Albert on the "Q1 and "Q2" documents. I have a duty to the Court to present the truth and evidence to the best of my ability.

*See* **EXHIBIT 1,** Section 3, Detailed Report Basis for Opinion, Conclusion. Document Q1 is identified as the Fixed Rate Note and document Q2 is identified as the Mortgage.

24. Mr. Baggett is fully prepared to testify in court with respect to his findings. Mr. Baggett will be able to support the findings that are found in his report and will state under cross-examination in any court, and to the highest degree of certainty, that the documents were not signed by Plaintiff and were forged and fraudulently created by someone other than Plaintiff.

25. Defendant SLS misrepresented to Plaintiff that the Note and Mortgage were copies of those documents purportedly executed by Plaintiff. In fact, the signatures on those documents was forged. A forged Note is void and cannot prove an essential element to show that Defendant owned and controlled the underlying debt at the time the Complaint was filed and therefore entitled to enforce the Note and foreclose.

26. Further Defendant cannot use the assignment of a forged Mortgage as proof of ownership as a forged Mortgage is a nullity and void on its face.

29. Plaintiff also alleges that Defendants, by the use of forged and void documents, are in direct violation of N.J.S. 2C:21-1.

> a. Forgery. A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> (1) Alters or changes any writing of another without his authorization;
>
> (2) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act or of a fictitious person, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
>
> (3) Utters any writing which he knows to be forged in a manner specified in paragraph (1) or (2).

30. Such use is also a violation of U.S. Code, Title 18 ¶ 484:

> Whoever so places or connects together different parts of two or more notes, bills, or other genuine instruments issued under the authority of the United States, by any foreign government, or corporation, as to produce one instrument, with intent to defraud, shall be guilty of forgery in the same manner as if the parts so put together were falsely made or forged, and shall be fined under this title or imprisoned not more than 10 years, or both.

31. The representation that the Note and Mortgage were copies of those documents purportedly executed by Plaintiff was made for the purpose of convincing Plaintiff that Defendant had the right to foreclose. Those documents, which Defendant claimed were copies of the genuine or original Note and Mortgage, were intentionally and deliberately presented and recorded with malicious intent to illegally take possession of the property of Plaintiff.

32. Plaintiff relied on the misrepresentation and had a right to rely on the misrepresentation. Plaintiff had no reason to believe (nor would it normally occur to any reasonable person) that Defendant would use forged documents to support the foreclosure action.

33. In addition to the fact that the Note was forged, after execution of the Note it was sold to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). Plaintiff's loan was identified multiple classes of the Freddie Mac Multiclass Certificates, Series 3597 Trust (hereinafter "FHLMC REMIC SERIES 3597 Trust"). The loan is being serviced by Defendant.

34. This is explained in the Affidavit of Joseph R. Esquivel Jr. **EXHIBIT 2**, excerpt below:

> 11. My research through professional services and the viewing of actual business records and Corporate/Trust Documents, determined that an interest in the Claude H. Albert Mortgage Loan Instrument was sold sometime shortly after October 22, 2009 **to multiple classes of the Freddie Mac Multiclass Certificates, Series 3597**.
>
> Exhibit 1 at paragraph 11.

35. Defendant made the representation that it was the holder of the Note for the purpose of inducing Plaintiff to refrain from acting in reliance upon the representations. Defendant knew that the representation was false as Defendant is the servicer of the loan for the FHLMC REMIC SERIES 3597 Trust. The representation was made for the purpose of defrauding the Plaintiff out of the property. Plaintiff relied on the misrepresentation that Defendant had the right to foreclose.

36. As a result of reliance on Defendant Plaintiff has suffered the imminent loss of the property. The amount of damages cannot be ascertained with certainty at this time but exceed $75,000.00.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act

37. Plaintiff incorporates and re-alleges every allegation set forth in paragraphs 1 – 36.

38. SLS has alleged that Plaintiff is obligated to pay this debt to it.

39. Defendant has violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA) as follows:

40. Defendant is a debt collector as defined in 15 U.S.C. §1692a (6).

(6) The term "debt collector" means any person who…regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another…

41. In addition to the use of forged documents, Defendant filed the Complaint with the knowledge that the FHLMC REMIC SERIES 3597 Trust was the holder of the Note and that it was sold to the trust shortly after execution of the Note on October 22, 2009. Defendant knew, or should have known, that FHLMC REMIC SERIES 3597 Trust was the holder of the Note as Defendant was the servicer of the Note.

42. Defendant filed a Complaint on May 2, 2016, alleging that it was the holder of the Note. The purported Assignment of Mortgage to Defendant occurred on February 1, 2016. The Complaint alleges a date of default of August 1, 2014, well before Defendant was purportedly assigned the Mortgage.

43. By these actions, Defendant violated 15 U.S.C. § 1692e (2)(A) by misstating the amount or legal status of any debt. By these actions Defendant also violated 15 U.S.C. § 1692e (10) by using deceptive means in an attempt to collect a debt which was not owed to Defendant.

47. Defendant has been harmed by these actions in that the Complaint was accepted, a default judgment was entered, and the Property is set to be sold.

48. As a direct and proximate result of Defendant's violations, Plaintiff incurred and continues to incur damages in an amount not yet ascertained, including, without limitation, statutory damages.

### THIRD CAUSE OF ACTION

### .UNJUST ENRICHMENT

49. Plaintiff incorporates and re-alleges every allegation set forth in paragraphs 1-48.

50. Plaintiff has conferred upon Defendant an economic benefit in the nature of mortgage payments.

51. Defendant's economic benefit is a direct result of its fraudulent use of forged and void documents to induce Plaintiff to believe that it had the right to receive such payments.

52. It would be inequitable for Defendant to be permitted to retain any of the unlawful proceeds resulting from its fraudulent, illegal and inequitable conduct.

53. Plaintiff is accordingly entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of such conduct

## DECLARATORY JUDGMENT

54. Plaintiff incorporates and re-alleges every allegation set forth in paragraphs 1- 53.

55. Plaintiff has proved beyond any reasonable doubt that Defendant has acted wrongfully prior and leading up to the imminent judgment against Plaintiff's property, contrary to the conditions precedent of the terms of the subject Mortgage, New Jersey Code, the FDCPA, and other Federal laws. Therefore, Plaintiff requests Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

56. Defendant has exploited and abused its alleged authority to demand a judgment against Plaintiff's property in fact and deed, using the so-called proposed "sale" as a tool and instrument of fraud. Under these circumstances this Honorable Court should give no credence whatsoever to the proposed judgment against Plaintiff's property, the result of a carefully designed fraud and conclusively powerless to stand the scrutiny to be effective at no time.

57. Declaratory Relief is necessary and appropriate at this time because without judicial resolution all Parties herein will remain unclear and in dispute as to their respective rights,

interests, and obligations. Furthermore, whether the "*Mortgage*" factually or legally amounted to assign anything whatsoever, and further whether it exists as a "Cloud" on Plaintiff's Land Record/Real Property and hence should be removed.

58.  Plaintiff's "Property" is at risk of being further influenced, impacted, affected and/or wrongfully resold, transferred and/or assigned by and through Defendant named herein, any of its Agents or other individuals or Entities claiming, but factually and legally not qualifying held to, or determined as "*Bona Fide* Purchases", individuals and/or Entities.

59.  On personal knowledge, Plaintiff will suffer irreparable harm in absence of the requested relief because Plaintiff is threatened with the sale of the Property by not having had a marketable legal Title returnable to the *status quo* when it was let to Defendant. The original *status quo* was and is unique and valuable, the loss of which cannot be fully compensated by money damages.

60.  Plaintiff herein further alleges, that an actual controversy has arisen, and now exists and remains unresolved between Plaintiff and Defendant and any of its Agents as well as other individuals claiming, but factually and legally could not qualify, held to, or determined as "Bona Fide Purchasers", and other such claiming "BFPs", individuals and/or business entities concerning the legal effect and true nature of the "Assignment of Mortgage" as being a "Cloud" on Plaintiff's Land Record/Real Estate Property, all of whom are relying on the validity and legality of subject "Assignment of Mortgage."

61.  As such legally and equitably the Assignment of Mortgage referenced above should be Cancelled and Expunged from Plaintiff's Land Record/Real Property Title.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims so triable as a matter or right and law

## VERIFICATION

The Plaintiff has read the **COMPLAINT** and knows the contents thereof to be true; and the same is true of Plaintiff's own knowledge, except to the matters which are therein stated on our information and belief and as to those matters, Plaintiff believes them to be true. The foregoing is true, correct, complete and not misleading.

Sealed by the voluntary act of my own hand(s) on this third day of January month, in the Year of our Lord, two thousand and nineteen.

By: _____
Claude-Hudson: Albert

Either known to me or having proper identification, Affiant personally came before me and having been duly sworn did state and affirm the above statements.

On this the 3rd day of January 2019.

_____
NOTARY

NICHOLAS J LEARY
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JULY 29, 2020

State of New Jersey                    SEAL:
County of Mercer

## PRAYER

**WHEREFORE,** for all the foregoing reasons, Plaintiff requests this Honorable Court:

A) For Declaratory Relief by way of a Judicial Determination as follows:

That the recordation of the Assignment of the Mortgage is void and therefore a "**Cloud**" on Plaintiff's Land Record/Real Property Title;

B) For an Order, Decree and or Judgment thereby "Canceling" and "Expunging" the recordation of the Assignment of the Mortgage from Plaintiff's Land Record/Real Property Title held, maintained and currently on record with the Mercer County New Jersey Recorder's Office; Recorder's Office;

C) For an Order, Decree and or Judgment thereby granting Plaintiff damages in the amount of Ten Million Dollars ($10,000,000) as general, special, statutory and punitive damages due and requested in the First through Third Causes of Action

Respectfully presented by Plaintiff the 3rd day of January 2019.

By: _____
Claude-Hudson: Albert, in esse and sui juris
Pre-March 9th, 1933 Private American National/Non "U.S citizen
Private Citizen of New Jersey state
Agent of record without recourse/without prejudice for "CLAUDE H. ALBERT"
Sole Beneficiary of the Name and Estate "CLAUDE H. ALBERT"

Phone: 609 865 2633
Email: Cosmohudson007@gmail.com

## SERVICE LIST

By Process of Service SUMMONS:

SPECIALIZED LOAN SERVICING, LLC
c/o CAPITOL SERVICES, INC.
165 S. State Street. Ste B
Dover, DE 14901

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing COMPLAINT was furnished by process of service of SUMMONS to the above listed person on the SERVICE LIST, this 3rd day of January 2019.

By: _____
Claude-Hudson: Albert