# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CLAUDE HUDSON ALBERT, | **:** | |
| | **:** | |
| Plaintiff, | **:** | Civil Action No. 3:19-cv-00074-FLW |
| | **:** | |
| v. | **:** | |
| | **:** | |
| SPECIALIZED LOAN SERVICING, LLC, | **:** | |
| | **:** | |
| Defendant. | **:** | |

---

## MEMORANDUM OF SPECIALIZED LOAN SERVICING LLC
## IN OPPOSITION TO THE MOTION OF
## PLAINTIFF CLAUDE HUDSON ALBERT
## FOR DEFAULT JUDGMENT

---

**BALLARD SPAHR LLP**
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002-1163
Tel. 856.761.3400

*Attorneys for Defendant, Specialized
Loan Servicing LLC*

William P. Reiley
Daniel JT McKenna
*Of Counsel and on the Brief*

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ..................................................................... 1

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY .................... 1

III.  REASONS PLAINTIFF'S MOTION SHOULD BE DENIED .................... 2

    A.  Plaintiff's motion must be denied as premature.................................. 2

    B.  Default judgment is not warranted against SLS.................................. 4

IV.  CONCLUSION.............................................................................................. 8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Trustees of New Jersey Brewery Employees'*
   *Pension Trust Fund*, 29 F.3d 863 (3d Cir. 1994) ................................................6

*Chamberlain v. Giampapa*,
   210 F.3d 154 (3d Cir. 2000) ................................................5

*Culver v. U.S. Dept. of Labor Occupational Safety & Health Admin.*,
   No. 06-4957, 2007 WL 2745768 (3d Cir. Sept. 21, 2007)...................................4

*Enron Oil Corp. v. Masonori Diakuhara*,
   10 F.3d 90 (2d Cir. 1993) ................................................5

*Gross v. Stereo Component Sys., Inc.*,
   700 F.2d 120 (3d Cir. 1982) ................................................6

*Int'l Union of Painters v. Rebock Corp.*,
   2011 WL 587980 (D.N.J. Feb. 10, 2011) ............................................3

*Kach v. Hose, No. 06-1216*,
   2007 WL 1217873 (W.D. Pa. April 24, 2007) ...................................6

*S.G. Enterprise, LLC v. Seaboard Paper and Twine*,
   2015 WL 3630965 (D.N.J. June 10, 2015)............................................7

*Super 8 Worldwide, Inc v. JIJ, Inc.*,
   No. CV162806WHWCLW, 2016 WL 4690388 (D.N.J. Sept. 7,
   2016) ................................................5

*Matter of the Complaint of White*,
   No. 16-CV-174, 2016 WL 4707984 (D.N.J. Sept. 7, 2016)............................2, 4

**Other Authorities**

Moore's Fed. Practice § 55.03 (3d. ed. 2016)............................................5

Fed. R. Civ. P. 55(a)........................................................1, 2, 3

Fed. R. Civ. P. 55(b) ........................................................3

## I.     PRELIMINARY STATEMENT

Defendant Specialized Loan Servicing LLC ("SLS")[1] submits this opposition to the motion of plaintiff Claude Hudson Albert ("Plaintiff") for entry of default judgment against SLS.

Plaintiff's motion fails for several reasons.  First, it is premature because no entry of default has been docketed by the Clerk of the Court as required by Fed. R. Civ. P. 55(a), and thus entry of default judgment by the Court is not yet available to Plaintiff.  Second, even if an entry of default had been docketed, good cause would exist to vacate any such entry of default.  Finally, as demonstrated by SLS's prolonged litigation with the Plaintiff, it intends to defend this lawsuit.

Additionally, in order to prevent unnecessary motion practice and pleadings, SLS intends to file a motion to dismiss Plaintiff's complaint on or before February 28, 2019 and respectfully requests the Court enter an order accepting that filing.

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 3, 2019, Plaintiff filed his "emergency ex parte application for temporary restraining order and order to show cause re: preliminary injunction" and verified complaint alleging (i) fraud, (ii) violations of the Fair Debt

---

[1]     Plaintiff misidentifies SLS as Specialized Loan Servicing, LLC.  (Emphasis added).

1

Collection Practices Act, (iii) unjust enrichment, and (iv) declaratory relief.  [D.E. No. 1].  The purpose of Plaintiff's emergent application was to prevent the foreclosure sale of the real property located at 58 Shelburne Drive, Ewing, New Jersey 08638 that was scheduled for January 9, 2019.  *See id*.  On January 9, 2019, the Court denied Plaintiff's emergent relief.  [D.E. No. 4].  The Court found that, *inter alia*, Plaintiff sought to overturn a state court judgment of foreclosure in violation of the *Rooker-Feldman* doctrine.  *See id*.  On January 29, 2019, Plaintiff filed a proof of service which indicated that SLS was served on January 16, 2019.  [D.E. No. 5].  On February 15, 2019, Plaintiff filed a motion to enter default judgment against SLS.  [D.E. No. 6].  SLS through an inadvertent oversight did not answer the complaint.  SLS intends to vigorously defend this lawsuit.  No entry of default has been docketed by the Court Clerk.

## III.   REASONS PLAINTIFF'S MOTION SHOULD BE DENIED

### A.   Plaintiff's motion must be denied as premature.

As a threshold matter, Plaintiff's motion is premature and must be denied because Plaintiff failed to seek an entry of default from the Clerk of the Court under Fed. R. Civ. P. 55(a).  Rule 55(a) states that a clerk may only enter default if a party has "failed to plead or otherwise defend."  "A party seeking default judgment must also first obtain an entry of default."  *Matter of the Complaint of White*, No. 16-CV-174, 2016 WL 4707984, at *2 (D.N.J. Sept. 7,

2

2016) (denying motion for default judgment as premature because movant had not received or requested an entry of default).  That is, "[o]btaining a default judgment is a two-step process."  *Int'l Union of Painters v. Rebock Corp.*, 2011 WL 587980, at \*1 (D.N.J. Feb. 10, 2011).  The first step requires that the moving party "request the entry of default by the Clerk of the Court.  *Id.* (citing Fed. R. Civ. P. 55(a)). "[S]econd, after the Clerk has entered the party's default, [the movant] may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court."  *Id.* (citing Fed. R. Civ. P. 55(b)).  An application for entry of default judgment must be denied if it does not contain evidence by affidavits and documents that, among other things, an entry of default was docketed pursuant to Fed. R. Civ. P. 55(a).  *Int'l Union of Painters*, 2012 WL 209076, at \*1.

Here, Plaintiff made no application to the Clerk of the Court for an entry of default and no such entry of default has been docketed.  Further, Plaintiff cannot meet his burden to show that SLS has not otherwise defended.  Counsel for SLS entered its appearance (before it was even aware of the motion for default). [D.E. No. 7].  Further, Plaintiff's lawsuit is a continuation of a prior lawsuit in this Court – under Civil Action No. 3:18-cv-12554-MAS-DEA (the "prior lawsuit") – that he brought against SLS in this Court in which he asserted the same claims trying to disrupt the state foreclosure.  SLS defended that lawsuit, including filing a

3

motion to dismiss before Plaintiff eventually conceded the motion and voluntarily dismissed.[2]  [*See* D.E. Nos. 21 (SLS's motion to dismiss), 24 (Plaintiff's voluntary dismissal)].  Indeed, the existence of the prior lawsuit is the reason SLS only just filed its entry of appearance.  SLS's in-house paralegal that handles intake of matters mistakenly believed the complaint for this matter was a document from the prior lawsuit and just forwarded it to undersigned counsel at the end of last week believing that undersigned counsel would have already received the complaint and would have responded.  Since that time, counsel has entered its appearance and is diligently preparing its defense, including a motion to dismiss similar to what it filed in the prior lawsuit.  Thus, Plaintiff's motion for default judgment must be denied.

### B.    Default judgment is not warranted against SLS.

Even if the Clerk of the Court were to enter default against SLS, good cause would exist to vacate the default and deny Plaintiff's motion for default judgment.  The Third Circuit disfavors default judgments and encourages decisions on the merits. *See, e.g.*, *Culver v. U.S. Dept. of Labor Occupational Safety & Health Admin.*, No. 06-4957, 2007 WL 2745768, at *4 (3d Cir. Sept. 21, 2007);

---

[2]    In this case, Plaintiff also asserts additional claims for unjust enrichment and violation of the FDCPA that were not included in the prior lawsuit.  These claims are based on the same facts and will fail for same reasons as his fraud claim and declaratory relief as set forth in SLS's motion to dismiss.

*Matter of the Complaint of White*, No. 16-CV-174, 2016 WL 4707984, at \*2

(D.N.J. Sept. 7, 2016).  Three factors determine whether a moving party is entitled

to a default judgment:

> (1) prejudice to the plaintiff if default is denied;
>
> (2) whether the defendant appears to have a litigable defense; and
>
> (3) whether defendant's delay is due to culpable conduct.

*See Super 8 Worldwide, Inc v. JIJ, Inc.*, No. CV162806WHWCLW, 2016 WL

4690388, at \*2 (D.N.J. Sept. 7, 2016); *Chamberlain v. Giampapa*, 210 F.3d 154,

164 (3d Cir. 2000).

It is widely accepted that default judgment is warranted only where

"the adversary process has been halted because of an essentially unresponsive

party." 10 Moore's Fed. Practice § 55.03[1] (3d. ed. 2016).  This is no such case.

As the Court is well aware, extensive briefing has already taken place on these

same issues in the prior lawsuit.  If there is any doubt, the issue should be resolved

in favor of the defaulting party.  *Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d

90, 96 (2d Cir. 1993).

Plaintiff does not even discuss the standard for entry of a default

judgment in his threadbare motion, much less attempt to establish any of the

factors necessary to justify entry of default judgment.  As an initial matter, Plaintiff

fails to allege the existence of any prejudice should the Court deny his motion.[3]

For this reason alone, Plaintiff's motion should be denied. *See Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 123 (3d Cir. 1982)*; see also Kach v. Hose, No. 06-1216*, 2007 WL 1217873, at *1 (W.D. Pa. April 24, 2007) ("Plaintiff's motions fall short of proving her entitlement to entry of the requested default judgments. She has not presented any evidence showing that she will be prejudiced if default judgment is not entered. Nor has she established that these defendants delayed willfully and in bad faith.").  In any event, there can be no possible prejudice resulting from the denial of Plaintiff motion given that SLS's defenses and arguments against Plaintiff's claims have previously been briefed in a motion to dismiss in the prior lawsuit involving the same parties and claims.  It was only after receiving SLS's motion to dismiss in the prior lawsuit, that Plaintiff voluntarily dismissed the lawsuit.

   Second, SLS has litigable defenses to all of Plaintiff's claims.  Indeed, as previously noted, SLS filed and fully briefed a motion to dismiss challenging the legal sufficiency of most of these claims.  Those meritorious defenses argued in

---

[3] Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).

SLS's motion to dismiss include, among others: (1) that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine; (2) that Plaintiff's failed to adequately plead his tort-based claim sounding in fraud; and (3) that Plaintiff failed to state a claim for declaratory judgment.  [*See* SLS's Br. in Support of Motion to Dismiss, ECF. No. 21-1 under Civil Action No. 3:18-cv-12554-MAS-DEA].

Third, any "delay" in responding to Plaintiff's claims was not due to culpable conduct by SLS.  "Culpable conduct" is conduct that "surpasses mere negligence and consists of willful, intentional, reckless or bad faith behavior." *S.G. Enterprise, LLC v. Seaboard Paper and Twine*, 2015 WL 3630965, at *3 (D.N.J. June 10, 2015).  SLS's delay in responding to Plaintiff's claims could not constitute bad-faith behavior when that delay was based in large part on the fact that Plaintiff filed an almost identical lawsuit in the prior lawsuit and SLS's in-house paralegal was operating under the belief that the complaint was associated with the prior suit, which Plaintiff recently voluntarily dismissed.

In short, Plaintiff failed to satisfy the standard for entry of default judgment, and his motions for default judgment should be denied for this additional reason.

## IV.   **CONCLUSION**

For the foregoing authorities, arguments, and reasons, SLS respectfully requests that Plaintiff's motion for Entry of Default against SLS be denied and that the Court enter an order accepting SLS's motion to dismiss, that it will file on or before February 28.

Respectfully submitted,

/s William P. Reiley
William P. Reiley, Esq.
reileyw@ballardspahr.com
Daniel JT McKenna
mckennad@ballardspahr.com
**BALLARD SPAHR LLP**
210 Lake Drive East – Suite 200
Cherry Hill, New Jersey 08002-1163
Tel. 856.761.3400

*Attorneys for Defendant, Specialized Loan Servicing LLC*

**DATED:**   February 20, 2019